IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Remanded by Supreme Court April 22, 2004

## STATE OF TENNESSEE v. ROBERT JAMES YORECK, III

**Appeal from the Circuit Court for Montgomery County**
**Nos. 38639 & 40000069      John H. Gasaway, III, Judge**

---

**No. M2004-01289-CCA-RM-CD - Filed June 29, 2004**

---

This case presents an appeal to this court after remand by order of the Tennessee Supreme Court. The Appellant, Robert James Yoreck, III, pled guilty to aggravated assault, a class C felony. Following a sentencing hearing, the trial court sentenced Yoreck, as a Range II multiple offender, to nine years in the Department of Correction. On appeal, Yoreck argues that his sentence was excessive. After a review of the record, we affirm the sentence as imposed by the Montgomery County Circuit Court

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, J.J., joined.

Gregory D. Smith, Clarksville, Tennessee, for the Appellant, Robert James Yoreck, III..

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Helen Young, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION ON REMAND

### Factual Background

On February 7, 1999, the Appellant and the victim, Christy Shockey, were at the laundry mat in the victim's apartment complex. A conversation ensued, and the Appellant indicated that he was "waiting for a friend to pick [him] up." The victim offered to give the Appellant a ride, and he accepted. The Appellant then gave directions, which led to a dead-end road. The Appellant put the car in park, snatched the car keys, and attempted to pull the victim out of the passenger side of the vehicle. The Appellant got out of the car, "opened the driver's side door and pulled [the victim] out onto the ground." The victim was then raped by the Appellant.

On April 8, 1997, the Appellant was indicted for rape in violation of Tennessee Code Annotated section 39-13-503 (2003). Pursuant to a negotiated plea agreement, the Appellant pled guilty to aggravated assault as a Range II multiple offender. At the conclusion of the sentencing hearing, the trial court imposed a nine-year sentence and further ordered that this sentence be served consecutively to a prior four-year sentence for robbery.[1] This appeal followed.

**ANALYSIS**

The Appellant argues that his nine-year sentence as imposed by the trial court was excessive. He contends that the trial court failed to apply appropriate mitigating factors and improperly applied or weighed enhancement factors. When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. When conducting a *de novo* review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the Appellant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); *Ashby*, 823 S.W.2d at 168. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000) (citing *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997)).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact that are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). However, where the trial court fails to comply with the statutory provisions of sentencing, appellate review is *de novo* without a presumption of correctness. Because the trial court did not fully comply with sentencing principles, our review is *de novo*.

In determining the Appellant's sentence, the trial court applied the following enhancement factors: (1) The Appellant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (7) The offense involved a victim and was committed to gratify the Appellant's desire for pleasure or excitement; (8) The Appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release

---

[1] On August 7, 1997, the Appellant was sentenced to four years of supervised probation for a robbery conviction. His probated sentence was revoked based upon his conviction for the present offense.

into the community; and (13) The felony was committed while on probation for a prior felony conviction. Tenn. Code Ann. § 40-35-114(1), (7), (8), (13) (1997).[2]

Regarding enhancement factors, we find that the trial court properly applied enhancement factors (1), (8), and (13). In addition to the two offenses necessary to establish the Appellant as a Range II multiple offender, his criminal history includes convictions in Tennessee for evading arrest, leaving the scene of an accident, drug possession, and patronizing prostitution and a conviction in Georgia for aggravated sodomy. The pre-sentence report reflects that all of the above-listed offenses and the present offense were committed while the Appellant was on probation for robbery.[3] *See State v. Jeffrey English*, No. M1999-02495-CCA-R3-CD (Tenn. Crim. App. at Nashville, Nov. 22, 2000) (citing *State v. Hayes*, 899 S.W.2d 175, 186 (Tenn. Crim. App. 1995)) (defendant being sentenced for series of offenses committed over time while on probation could be viewed, for sentencing for most recent offenses, as having proven previous history of unwillingness to abide by community release conditions by virtue of earlier offenses for which sentencing is to occur). Thus, application of enhancement factors (1), (8), and (13) was proper. *See id.* (citing *State v. Anderson*, 985 S.W.2d 9, 20 (Tenn. Crim. App. 1997) (enhancement based on factors (8) and (13) does not unfairly enhance defendant's sentence twice for same conduct).

However, we find the trial court's application of enhancement factor (7), *i.e.*, the offense involved a victim and was committed to gratify the Appellant's desire for pleasure or excitement, improper. Enhancement factor (7) calls into question an appellant's motive for committing a crime. *State v. Kissinger*, 922 S.W.2d 482, 491 (Tenn. 1996); *see also State v. Arnett*, 49 S.W.3d 250, 261-62 (Tenn. 2001). "Human motivation is a tangled web, always complex and multifaceted." *Kissinger*, 922 S.W.2d at 491. Proving an appellant's motive will always be a difficult task. *Id.* "But the legislature . . . has placed that obligation on the State when the state seeks an enhanced sentence." *Id.* This court has often held that this factor does not apply when no proof exists that the offense was committed to gratify the Appellant's desire for pleasure or excitement above and beyond that inherent in the act of rape itself. *See, e.g.*, *State v. Jody Lane Orr*, No. W2001-02075-CCA-R3-CD (Tenn. Crim. App. at Jackson, Nov. 27, 2002), *perm. to appeal denied*, (Tenn. 2003). The trial court found that this factor applied because the Appellant was convicted of aggravated assault rather than rape. The nature of the act was not changed by the Appellant's plea to a lesser offense. The State failed to provide additional objective evidence of the Appellant's motivation to seek pleasure or excitement through sexual assault. *Arnett*, 49 S.W.3d at 262. Accordingly, the trial court improperly applied this factor.

With respect to mitigating proof, the Appellant, who was twenty-two years old at the time of the commission of the present offense, contends that the trial court erred by not applying the following mitigating factors: (6) The Appellant, because of youth or old age, lacked substantial

---

[2] We note that, because of recent renumbering of the enhancements factors under this section, the correct enhancement numbers are now (2), (9), and (14). *See* Tenn. Code Ann. § 40-35-114 (2003).

[3] Probation violation warrants were issued against the Appellant for several of these new offenses. As a result of his admission to evading arrest, he was ordered to serve an additional 140 days in confinement.

-3-

judgment in committing the offense and (8) The Appellant was suffering from a mental or physical condition that significantly reduced the Appellant's culpability for the offense. Tenn. Code Ann. § 40-35-113(6), (8) (2003). Relying on these factors, the Appellant contends that his sentence should be mitigated based upon the following:

> Mr. Yoreck can't pass a G.E.D. test. He dropped out of high school because of learning disabilities. As a child, Mr. Yoreck was hyperactive, learning disabled and a "wild child." Meds didn't help. An absent father, led to Juvenile Court and legal problems ever since. . . .
>
> . . . [T]he trial court found that there were mental issues, but they did not directly apply to the facts of this case. As noted above, Mr. Yoreck had such emotional issues as a youth that Ritalin and other medications did not ease the problem. Age didn't ease the problem. . . . [T]his should qualify as a mitigator because it is a continuing mental stressor, even though it does not eliminate the wrongfulness of Mr. Yoreck's crime.

The trial court declined to apply mitigating factors (6) and (8), finding that:

> As far as mitigating factors are concerned, under 40-35-113 the Court rejects the Defendant's contention that his youth had anything to do with the commission of this offense. There's been no evidence to suggest that.
>
> And being 21 or 22 does not mean that you don't have sense enough to know the difference between right or wrong - - right and wrong, especially when it comes to an act of violence against the person of another.
>
> The Defendant also contends under subsection - - well, the Defendant did cite subsection eight, but the Defendant talked about the mental condition of the Defendant. Again, there's no evidence - - while there may be evidence that he's had some mental problems as a child and even continuing through adulthood there's nothing to indicate that a mental condition had anything to do with the commission of this offense.

The application of mitigating factor (6) is not determined simply by the chronological age of the offender but, rather, upon the offender's "youth in context" of various pertinent circumstances tending to demonstrate his or her ability or inability to appreciate the nature of his or her conduct. *State v. Adams*, 864 S.W.2d 31, 33 (Tenn. 1993). In determining whether the sentence should have been mitigated because the Appellant lacked substantial judgment because of his youth, "courts should consider the concept of youth in context, *i.e.*, the defendant's age, education, maturity, experience, mental capacity or development, and any other pertinent circumstance tending  to demonstrate the defendant's ability or inability to appreciate the nature of his conduct." *State v. Carter*, 908 S.W.2d 410, 413 (Tenn. Crim. App. 1995) (quoting *Adams*, 864 S.W.2d at 33). As has

been observed, "youth is more than a chronological fact." *Eddings v. Oklahoma*, 455 U.S. 104, 102 S. Ct. 869, 877 (1982). This is not the Appellant's first contact with the law as evidenced by his prior convictions. We think the trial court acted within its prerogative in determining that the Appellant was sufficiently mature to understand the nature of his conduct.

The burden of proving applicable mitigating factors rests upon the Appellant. *State v. Joshua Aaron Roush*, No. E2002-00313-CCA-R3-CD (Tenn. Crim. App. at Jackson, Feb. 18, 2003), *perm. to appeal denied*, (Tenn. 2003). Therefore, while Tennessee Code Annotated section 40-35-113(8) allows a court to consider any mental condition that significantly reduced the Appellant's culpability, the Appellant must sufficiently establish not only the presence of a defect, but also a causal link between his ailment and the offense charged. We agree with the trial court that the proof does not support application of mitigating factor (8).

Moreover, we are constrained to noted that the trial court found that the non-enumerated or catch-all mitigator, Tennessee Code Annotated § 40-35-113 (13), applied because the Appellant pled guilty "obviating the necessity to have a protracted trial." A guilty plea does not automatically entitle a defendant to mitigation. *See Jeffrey English*, No. M1999-02495-CCA-R3-CD. The Appellant's merely pleading guilty is not enough to justify mitigating his sentence. *See State v. William Rhea Jackson*, No. M2002-02567-CCA-R3-CD (Tenn. Crim. App. at Nashville, Feb. 12, 2003), *perm. to appeal denied*, (Tenn. 2003). In this case, the record does not indicate that the Appellant pled guilty to spare the victim from further harm but rather only entered a plea out of his desire for a lesser sentence.[4] The legislative intent of this non-enumerated mitigator does not encompass such a motivation for pleading guilty. Accordingly, we conclude that the trial court's application of this factor was improper.

Aggravated assault, a class C felony, has an appropriate sentence range for a Range II multiple offender of six to ten years. Tenn Code Ann. § 40-35-112(b)(3). The presumptive sentence to be imposed by the trial court for a class C felony is the minimum sentence within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). When there are enhancement factors and no mitigating factors, there is no presumptive sentence, and the court may sentence above the minimum in the range. Tenn. Code. Ann. § 40-35-210(d). Because we find that the trial court properly applied enhancement factors (1), (8), and (13) and no mitigating factors were applicable, we conclude that the record supports the decision to enhance the Appellant's sentence. Therefore, we find that a sentence of nine years is appropriate.

---

[4]At the sentencing hearing, the Appellant made the following statement:

> Sometimes during our grand jury trial they don't go the way you want them or the way the courts want them. So, I figured that and that's why I - - that's the reason that I took the plea I did today is because I didn't - - I didn't know how it was going to turn out, and I was afraid for that.

## CONCLUSION

Based upon the foregoing reasons, we find that a sentence of nine years was not excessive. The sentencing decision of the Montgomery County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE